IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| | ) | Case No. 10-CR-0011-001-CVE |
| v. | ) ) | USM Number: 10710-062 |
| RICARDO PEREZ-LOPEZ, | ) ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Before the Court is defendant's motion for relief from judgment (Dkt. # 22). Defendant moves for reduction of sentence, arguing that he is entitled to a two-point reduction in his guideline calculation based on disparity created by the absence of a fast-track program in this district. Defendant cites United States v. Lopez-Macias, 661 F.3d 485 (10th Cir. 2011), in support of his motion for reduction of sentence. In February 2010 defendant entered a plea of guilty without a plea agreement to the charge of alien in the United States after deportation, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). In May 2010 he was sentenced to 77 months in the custody of the Bureau of Prisons. Neither party filed a motion to depart or vary from the guideline sentencing range recommended in the presentence report. Further, defendant did not object to the preliminary findings and guideline range determined by the probation officer in the presentence report. See addendum to presentence report, dated May 7, 2010.

In the 1990s, federal prosecutors in districts sharing a border with Mexico developed early disposition or "fast-track" programs to better manage the large number of illegal re-entry cases. In 2003 Congress endorsed such programs in a broadly-worded provision of the PROTECT Act, Pub.L.

No. 108-21, 117 Stat. 650 (2003). Congress instructed the United States Sentencing Commission to promulgate a policy authorizing a downward departure of not more than 4 levels if the government files a motion for such departure pursuant to an early disposition program. In response, the Sentencing Commission published USSG § 5K3.1 – early disposition program, authorizing no more than a 4-level departure upon motion of the government pursuant to an early disposition program.

In 2010, during defendant's adjudication and sentencing, no early disposition or fast-track program existed in this district, a decision that rests solely with the United States Attorney General and the United States Attorney's Office for the Northern District of Oklahoma. Consequently, the government did not move for a § 5K1.3 downward departure. Moreover, prior to sentencing, defendant did not argue that he qualified for early disposition consideration, nor did he move for a variance under 18 U.S.C. § 3553(a) on the ground that a sentence disparity existed due to the prosecutor's failure to implement a fast-track program. The Court notes that, at the time of defendant's sentencing, Circuit precedent barred reliance on fast-track disparity as a basis for a downward variance. See United States v. Martinez-Trujillo, 468 F.3d 1266, 1268-69 (10th Cir. 2006) (disparity between fast-track sentences and sentences in non-fast-track districts is warranted within meaning of § 3553(a)(6) because it was not specifically contemplated by Congress in passage of the PROTECT Act). Lopez-Macias overruled Martinez-Trujillo, with the Circuit concluding that a district court in a non-fast-track district has the discretion to vary pursuant to § 3553(a) from a defendant's applicable guideline range based on fast-track disparities. Id. at 492. The Circuit further found that simply pointing to the generalized argument of a disparity created by fast-track programs is not sufficient to justify such variance, and the burden is on defendant to demonstrate

2

that he or she qualifies for the program and is entitled to a variance. Id. at 494-495. Consideration of a variance from the calculated guideline range based on fast-track disparity is an issue to be addressed at sentencing. The Circuit's reversal in Lopez-Macias does not form a basis for post-sentence relief.

Defendant presents no authority that would permit this Court to consider a reduced sentence, and Lopez-Macias does not provide a legal basis to reconsider the sentence imposed. A district court's authority to reconsider sentencing may only stem from a statute or rule of criminal procedure that expressly grants the court jurisdiction to do so. United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997); United States v. Smartt, 129 F.3d 539, 541 (10th Cir. 1997)(unless the basis for resentencing falls within one of the specific categories authorized by statute, the district court lacks jurisdiction to consider defendant's request); United States v. Blackwell, 81 F.3d 945, 947, 949 (10th Cir.1996) (a district court is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so, so a district court does not have inherent power to resentence defendants at any time); 18 U.S.C. § 3582(b). See also Fed. R. Crim. P. 35(a); United States v. Green, 405 F.3d 1180 (10th Cir. 2005)(district court did not have jurisdiction to resentence defendant more than [fourteen] days after imposition of sentence). Defendant's sentence is final and no basis has been presented that grants this Court authority to reconsider the sentence imposed.

**IT IS THEREFORE ORDERED** that defendant's motion for relief from judgment (Dkt. # 22) is **dismissed for lack of jurisdiction**.

**IT IS SO ORDERED** this 20th day of March, 2012.

_Claire V. Eagan_
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

3